1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9

10   Justin Terrence Monroe,              )
                                          )
11              Petitioner,               )    No. CV-09-0239-PHX-PGR (MHB)
                                          )
12       vs.                              )
                                          )
13   Charles L. Ryan,                     )              ORDER
                                          )
14              Respondent.               )
     _____)

15

16        Having reviewed *de novo* the Report and Recommendation of Magistrate

17   Judge Burns in light of the petitioner's Objection and Appeal from Magistrate's

18   Report and Recommendation (Doc. 24), the Court finds that the petitioner's

19   objections should be overruled as legally meritless and that the Magistrate Judge

20   correctly determined that this action should be dismissed as time-barred as it was

21   filed more than four and a half years after the expiration of the AEDPA's one-year

22   statute of limitations.[1]

23        With regard to the dispositive timeliness issue, the petitioner disagrees with

24   _____

          [1]

25        The Court agrees with the Magistrate Judge that the petitioner's
     deadline under the AEDPA for filing this action, when the appropriate statutory
26   tolling is factored in, was June 27, 2004; this action was, however, not filed until
     February 2, 2009.

the Magistrate Judge's determination that he is not entitled to have the limitations period equitably tolled. The AEDPA's statute of limitations is subject to equitable tolling only if the prisoner shows (1) that he has been pursuing his rights with reasonable diligence, and (2) that some extraordinary circumstance stood in his way and prevented the timely filing of his federal habeas petition. Holland v. Florida, __ U.S. __, __ S.Ct. __, 2010 WL 2346549, at *12 (June 14, 2010).[2] The Magistrate Judge concluded that the petitioner failed to meet either of these conditions and the Court concurs.[3]

The gist of the petitioner's argument in his Objection for equitable tolling appears to be that the long delay in him being able to obtain his trial transcripts constitutes an extraordinary circumstance beyond his control that prevented the timely filing of his habeas petition. The Court is unpersuaded. As the Magistrate Judge noted, the petitioner has failed to sufficiently explain why the transcripts were necessary to the filing of his habeas petition given that the factual

_____

[2]

The Court notes that it delayed the issuance of this Order pending the Supreme Court's decision in Holland v. Florida given that the main issue to be decided by the Supreme Court in that case was whether the AEDPA's limitations period is subject to the doctrine of equitable tolling.

[3]

The Magistrate Judge correctly determined that the petitioner was not reasonably diligent in that he filed his federal habeas petition over four and a half years after the limitations period had expired, and that he let 204 days lapse after the state trial court dismissed his first Rule 32 proceeding before he filed his motion for reconsideration, that he let 373 days lapse between the trial court's denial of his motion for reconsideration of the order denying his request for transcripts and his second notice of post conviction relief (which was filed more than a year after the expiration of the AEDPA's limitations period), he let 147 days lapse between the dismissal of his second notice of post-conviction relief and his status request concerning his motion for appointment of counsel, and he let 121 days lapse between the Arizona Supreme Court's order denying review in his fourth Rule 32 proceeding and the filing of his federal habeas petition.

predicates for the claims raised in his petition were known to him prior to the expiration of the AEDPA's limitations period. *See e.g.,* Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir.2001) ("Likewise, lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling.")  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 23) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, is denied as time-barred and that this action is dismissed.  The Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

DATED this 13th day of July, 2010.

Paul G. Rosenblatt
United States District Judge