**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Terrence Monroe, | |
| Petitioner, | No. CV-09-0239-PHX-PGR |
| vs. | (9th Cir. No. 10-16689) |
| Charles L. Ryan, | <u>ORDER</u> |
| Respondent. | |

The Court entered its judgment (Doc. 26) dismissing the petitioner's habeas petition as time-barred on July 14, 2010, and the petitioner filed his Notice of Appeal (Doc. 27) from that judgment on August 2, 2010. Pending before the Court is the petitioner's Motion to Reconsider (Doc. 32), filed pursuant to Fed.R.Civ.P. 60(b) on November 8, 2010, wherein the petitioner seeks to have the Court reconsider its order denying his habeas petition. The Court finds that the motion must be denied for lack of jurisdiction since the motion was filed after the filing of the petitioner's appeal. <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58, 103 S.Ct. 400 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved

1  in the appeal."); *accord*, Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir.), *cert. denied*, 479 U.S. 987 (1986).[1]  Therefore,

IT IS ORDERED that the petitioner's Motion to Reconsider (Doc. 32) is denied for lack of jurisdiction.

DATED this 10th day of November, 2010.

Paul G. Rosenblatt
United States District Judge

---

[1] The proper procedure for seeking Rule 60(b) relief during the pendency of an appeal is to ask the district court whether it wishes to entertain the motion, or to grant it, and then request the court of appeals, if appropriate, for remand of the case to the district court. Gadd v. United States, 368 Fed.Appx. 795, 2010 WL 708614, at *1 (9th Cir. Feb. 16, 2010).  The petitioner is advised that the Court would deny his Rule 60(b) motion were it to obtain jurisdiction to consider it.